

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-00452-CV

_____

PAUL THOMAS GERIK, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 181ˢᵗ District Court OF Randall County, Texas
Trial Court No. 22,925-B; Honorable John Board, Presiding

July 10, 2013

## ORDER OF DISMISSAL

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Paul Thomas Gerik, proceeding *pro se* and *in forma pauperis*, challenges the issuance of an *Order to Withdraw Funds* from his inmate account.[1]  By order of December 20, 2012, this Court abated and remanded his appeal for a period of

---

[1]Appellant references his inmate account as a "trust account."  Formerly referred to as inmate trust accounts, the term "trust" has been removed from statutory references.  *See* Act of May 11, 1989, 71ˢᵗ Leg., R.S., ch. 212, § 2.01, 1989 TEX. GEN. LAWS 918, 958, *amended by* Act of May 17, 1999, 76ᵗʰ Leg., R.S., ch. 326, §1, 1999 TEX. GEN. LAWS 1235, 1236 (current version at TEX. GOV'T CODE ANN. § 501.014 (WEST SUPP. 2010)).  Accordingly, they are simply inmate accounts.

180 days to allow him to develop a record for meaningful review by filing a "motion to modify, correct or rescind the withdrawal order, present the motion to the trial court and *have it considered by the trial court*" within that time frame. (Emphasis added). Our order further provided that should the period of abatement expire without the proscribed action being taken, this appeal would be reinstated and then dismissed for want of prosecution. The 180th day following our abatement and remand was June 18, 2013.

On July 1, 2013, the clerk of the trial court filed a *Supplemental Clerk's Record* reflecting that during the period of abatement Appellant did file a *Motion to Enforce Order of Abatement and Remand* on February 4, 2013, and a *Motion Seeking Writ of Mandamus* on March 7, 2013. The supplemental clerk's record further shows that outside the period of abatement, on June 28, 2013, Appellant filed a *Motion to Modify, Correct or Rescind Order to Withdraw Funds*.

As to the timely filed *Motion to Enforce Order of Abatement and Remand*, although directed to the trial court, we note that Appellant only seeks to have the trial court order "the Randall County Judicial Enforcement Department to notify the Texas Department of Criminal Justice, Inmate Trust Fund that an 'Order of Abatement and Remand' has been issued and that further collections be stopped." Appellant misconstrues our *Abatement and Remand.* That order merely suspended this appeal to allow Appellant to challenge the *Order to Withdraw Funds*; it did not order that the withdrawal of funds be suspended. Accordingly, Appellant is not entitled to any relief as a result of filing this motion.

As to the *Motion Seeking Writ of Mandamus*, we note that this Court previously addressed that motion by denying relief in *In re Paul Thomas Gerik,* No. 07-13-00072-CV, 2013 Tex. App. LEXIS 3146 (Tex.App.—Amarillo March 22, 2013) (original proceeding). We see no reason to review that decision at this time.

Finally, as to the untimely filed *Motion to Modify, Correct or Rescind Order to Withdraw Funds*, we note that even if timely filed, Appellant would not be entitled to the relief requested. Appellant seeks to have the trial court rescind the *Order to Withdraw Funds*, not on account of any question concerning the "statutory correctness of withdrawing his money from his account" (emphasis Appellant's), but instead because he perceives it to be an attempt to make others, specifically his mother, pay his (emphasis ours) court costs.

As Appellant correctly acknowledges, because the *Bill of Costs* supporting the *Order to Withdraw Funds* only assesses legislatively mandated costs and fees, those sums are properly collectable from Appellant regardless of his financial ability to pay.[2] *Pena v. State*, No. 07-10-00503-CV, 2012 Tex. App. LEXIS 5390 (Tex.App.—Amarillo July 12, 2012, pet. refused). Appellant is incorrect, however, in his position that the withdrawal of sums from his account is equivalent to assessing his court costs against someone making a voluntary contribution to his inmate account. An inmate has a property interest in his inmate account. *Reed v. State*, 269 S.W.3d 619, 625 (Tex.App.—San Antonio 2008, no writ h.); *Harrell v. State*, 286 S.W.3d 315, 319 (Tex.

---

[2]Appellant expresses some concern regarding a handwritten notation on the *Bill of Costs* noting that $4,000 in court-appointed attorney's fees are "not assessed until the court finds the defendant able to pay, pursuant to 26.05(g) TX Code of Criminal Procedure." (Emphasis added.) In this proceeding, this Court is not concerned about what the clerk did not assess. That is a matter left to the discretion of the trial court clerk.

2009). Therefore, any gifts, contributions, or deposits to an inmate account become the property of that inmate. Section 501.014 of the Texas Government Code authorizes the Texas Department of Criminal Justice to withdraw sums from an inmate account for the purpose of paying all orders for court fees and costs. TEX. GOV'T CODE ANN. § 501.014(e)(4) (WEST 2012). Because Appellant has a property interest in any funds deposited to his inmate account, regardless of the source of those funds, the Texas Department of Criminal Justice is authorized to withdraw $299 from that account for the purpose of paying his legislatively mandated court costs in this case.

The period of abatement having passed without the timely filing of a motion to modify, correct or reform the *Order to Withdraw Funds*, we reinstate the case and dismiss this proceeding pursuant to our prior order and TEX. R. APP. P. 42.3(b).

Per Curiam